IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41434
Conference Calendar

_____


GLENN METZ,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-145
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Glenn Metz, federal prisoner # 28118-034, appeals from the

denial of his 28 U.S.C. § 2241 petition.  He argues that the

district court erred in determining that his Apprendi v. New

Jersey, 530 U.S. 466 (2000) claim did not meet the criteria for

bringing a claim pursuant to the "savings clause" of 28 U.S.C.

§ 2255.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Metz argues that his claim falls under the "savings clause" because he was convicted pursuant to unconstitutional statutes. We have, however, rejected the argument that 21 U.S.C. §§ 841(a) and (b) are facially unconstitutional in light of Apprendi. United States v. Fort, 248 F.3d 475, 482 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001). Furthermore, Metz's argument that the statutory provisions have been unconstitutionally applied in his case is conclusional, and he does not allege that he was sentenced beyond the statutory maximum; therefore, he has not demonstrated an unconstitutional application. See United States v. Slaughter, 238 F.3d 580, 581 (5th Cir. 2000) (drug statute is unconstitutionally applied where drug quantity was neither specified in the indictment nor found by the jury beyond a reasonable doubt and where the sentence exceeded the statutory maximum), cert. denied, 532 U.S. 1045 (2001). We pretermit the issue whether Apprendi is retroactively applicable on collateral

review, because Metz has not shown that he is entitled to Apprendi relief.

Metz has failed to meet the first prong of the Reyes-Requena analysis. He therefore has not shown that the district court erred in dismissing his petition.

AFFIRMED.